

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed May 1, 2025

_____
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

In re:

DOGS ARE PEOPLE TOO, ET AL.,[1]

    Debtors.

Chapter 11
Case No. 24-33079(V)
(Jointly Administered)

### ORDER CONFIRMING THE DEBTORS' SECOND AMENDED JOINT SUBCHAPTER V PLAN OF REORGANIZATION

This matter came before the Court on April 29, 2025, to consider confirmation of the Debtors' Second Amended Joint Chapter 11, Subchapter V Plan of Reorganization filed on April 28, 2025 (Doc. No. 160) (the "Plan") filed by the above-captioned Debtors, and no objections have been filed to the Plan. In connection with the confirmation of the Plan, the Court has considered the evidence presented as well as the record of this case, including, the representation of counsel that no one voted for or against the Plan and counsel's further representation that the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Dogs Are People Too, LLC (1738); Copeford Holdings, LLC (0632).

Page 1 of 15

171212757.2

Confirmation Order incorporates comments from the Ad Valorem Taxing Authorities and Sunflower Bank and the Small Business Administration had no comments; and counsel's further representation and as to the Secured Creditors that the plan is consensual and as to the unsecured creditors, they will be paid in full pursuant to the Plan. Pursuant to the Plan modifications described below, the Debtors' Plan should be confirmed as modified by this Confirmation Order pursuant to § 1191(a) as a consensual Plan.

## Modifications

1. The Plan shall be subject to the following modifications (the "Modifications"):

<u>Section 3.01 shall be modified as follows</u>:

Notwithstanding the aforementioned, pursuant to 11 U.S.C. Section 503(b)(1)(D), Dallas County shall not be required to file a request for the payment of post-petition ad valorem property taxes by the Administrative Claim Bar Date and, to the extent not already paid, the Reorganized Debtors shall pay their respective post-petition ad valorem property taxes prior to the delinquency date set forth under Texas law. Dallas County shall retain its liens on its collateral until such time as its ad valorem property taxes are paid in full.

<u>Section 3.02 shall be modified as follows</u>:

Each holder of a priority tax claim will be paid in full on the Effective Date of the Plan. The Debtors believe they are current on ad valorem priority taxes, which is held by various ad valorem taxing authorities. To the extent, not previously paid, Dallas County's secured ad valorem property tax claims in the aggregate amount of $11,846.79 as of the Petition Date shall be paid in full on or before the Effective Date, with interest accruing from the Petition Date at the statutory rate pursuant to 11 U.S.C. Sections 506(b) and 511 and Texas

Property Tax Code Section 33.01. Dallas County shall retain its liens on its collateral until such time as its property tax claims are paid in full and such liens are continuing under applicable statutes. The Reorganized Debtors failure to pay Dallas County's property tax claims in full by the Effective Date is an event of default.

<u>Section 4.01 Class 3 Secured Claim of Sunflower Bank shall be modified as follows:</u>

The holder of a Class 3 Allowed secured claim is Sunflower Bank which holds three loans with the Debtors. As of May 15, 2025, Sunflower Bank's aggregate Allowed secured claim with interest on the three loans total $1,345,896.42 through May 15, 2025 as set forth below:

| Loan 3685 | |
|---|---|
| PRINCIPAL | $633,953.18 |
| INTEREST | $23,687.47 |
| PER DIEM | $171.695652 |
| APPRAISAL FEE | $5,700.00 |
| LEGAL FEES/COSTS | $37,000.00 |
| **TOTAL** | **$700,340.65** |

| Loan 3686 | |
|---|---|
| PRINCIPAL | $569,425.07 |
| INTEREST | $4,033.43 |
| PER DIEM | $79.086815 |
| **TOTAL** | **$573,458.50** |

| Loan 3687 (SBA 7a Loan) | |
|---|---|
| PRINCIPAL | $71,248.23 |
| INTEREST | $849.04 |
| PER DIEM | $19.296395 |
| **TOTAL** | **$72,097.27** |

| **TOTAL SECURED CLAIM** | **$1,345,896.42** |
|---|---|

On the Effective Date, Sunflower Bank shall subordinate its liens against the Debtors' assets to Bank of DeSoto in exchange for payment of $1.2 million in cash ("Sunflower Cash Payment"). Sunflower Bank will apply the Sunflower Cash Payment to satisfy Loan 3687 (SBA 7a Loan) in full then to other amounts under the other notes in its sole discretion. After the application of the Sunflower Cash Payment, Sunflower's Allowed secured claim will be $145,896.42 to be paid by Debtors in in 36 equal installments of principal and interest ($2,499.45/month) beginning on the 15th day of the first month following the Effective Date and shall bear interest in the amount of 5% per annum with

171212757.2

no prepayment penalty.(the "Sunflower Remaining Claim").  The Sunflower Remaining Claim shall be secured by the assets of the Debtors, including the Property, as set forth in the Sunflower Loan Documents (defined below) subordinate only to the liens granted to Bank of DeSoto which shall hold a first priority lien on the assets, including the Property. Sunflower Bank shall retain its second priority lien in the assets, including the Property (without the necessity of any additional UCC or Real Property lien filings), until the Sunflower Remaining Claim is paid in full.  Should the Debtors sell the business or the Property while the Sunflower Remaining Claim is outstanding, the Sunflower Remaining Claim shall be accelerated and immediately become due and satisfied in full from the proceeds of the sale of the business and/or Property after paying the broker's commission and closing costs.

All loan documents attached to the Sunflower Bank Proof of Claim, including all loan documents executed in connection therewith, whether referenced in the Sunflower Bank Proof of Claim or not, including guarantees, are collectively referred to herein as the "Sunflower Bank Loan Documents."  The Sunflower Bank Loan Documents shall remain in full force and effect except as expressly modified under this Plan, including the subordination to Bank of DeSoto. Notwithstanding anything in this Plan to the contrary, all rights and remedies of Sunflower Bank under the Sunflower Bank Loan Documents shall control in the event of a default by Debtors in connection with failure to make a payment to Sunflower Bank under the Sunflower Remaining Claim or failure of Debtors to comply with any other provision of the Sunflower Bank Loan Documents, including, but not limited to, rights of acceleration (without notice to cure of any kind which has been waived), all rights of foreclosure of the Debtors' assets and/or the Property, and all

reasonable and necessary legal fees/costs incurred by Sunflower Bank in connection with enforcing its rights and remedies under this Plan and/or the Sunflower Bank Loan Documents. Notwithstanding anything in this Plan to the contrary, nothing under this Plan shall release, modify, or otherwise affect the liability under the Sunflower Bank Loan Documents of any non-Debtor borrower/guarantor, including STACEY ALFORD COPELAND, DAVID WAYNE COPELAND, and PET BUDDIES, LLC ("Non-Debtor Guarantors"). Provided the Debtors do not default on their payments to Sunflower under the Plan, Sunflower agrees to forbear from exercising its rights under the Bank Loan Documents against the Non-Debtor Guarantors.

Sunflower Bank shall be entitled to any necessary and reasonable legal fees and costs incurred by Sunflower Bank after Confirmation and prior to payoff of the Sunflower Remaining Claim incurred in connection with enforcing its rights under this Plan and/or the Sunflower Loan.

<u>Section 4,01 Class 4 Non-Priority General Unsecured Claims shall be modified as follows</u>: Each holder of a Class 4 non-priority general unsecured Allowed Claim shall be paid in full after payment in full of Allowed Administrative Claims. Each payment shall be made in equal monthly disbursements on the 15th day of each month, after the Debtor's payment of Allowed Administrative Expenses in full, with the first payment commencing no later than the third month following the Effective Date with the final payment made no later than 36 months from the Effective Date from a reserve of $52,509.00 ("Class 4 Dividend"). Class 4 is impaired and thus is entitled to vote on the Plan.

3. The Debtors shall fund the Plan as set forth in the Plan And the testimony of Neil Goldstein.

4. The Court having considered that no objections to the Plan were filed, the modifications to the Plan, and for the reasons stated orally and recorded in open Court that shall constitute the decision of this Court, the Court finds and concludes as follows:

**FINDINGS OF FACTS & CONCLUSIONS OF LAW**

A. **Jurisdiction**. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, the United States District Court's general order of reference, and other various applicable provisions of the Bankruptcy Code[2] and the Federal Rules of Bankruptcy Procedure ("FRBP").

B. **Venue**. Venue before the Court is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

C. **Notice**. Due, adequate, and sufficient notice of the Plan, the *Order Scheduling Hearing to Confirm Debtors' Joint Plan of Reorganization, Fixing Time for Filing Acceptances or Rejections of the Joint Plan, Combined Notice Thereof* (Doc. No. 109), *Certificate of Service (serving Joint Plan, Scheduling Order, and Ballot)* (Doc. No. 114), the *Order Granting Debtors' Motion to Continue Hearing to Confirm Debtors' Plan of reorganization for Thirty Days and Corresponding Objection Deadline* (Doc. No. 133), *Order Granting Debtors' Second Motion to Continue Hearing to Confirm Debtors' Plan of Reorganization for Thirty Days and Corresponding Objection Deadline* (Doc. Nos.144), the *Amended Notice of Second Continuance of Hearing on Confirmation of Debtors' Plan of Reorganization and Corresponding Objection Deadline* (Doc. No. 145), *Certificate of Service (serving Amended Notice)* (Doc. No. 146), the *Certificate of Service (serving Amended Joint Plan of Reorganization, dated April 11, 2025, Order Granting Second Continuance, and Ballot)* (Doc. No. 151), (the "Confirmation Hearing Notices"), were

---

[2] The term "Bankruptcy Code" refers to the applicable section(s) of 11 U.S.C. § 101, *et. seq.* unless otherwise indicated.

served upon all creditors, interest holders, and parties requesting notice. Accordingly, the method of service and solicitation of acceptance of the Plan, notice of the hearing to consider confirmation of the Plan, and notices of all other deadlines or requirements relating thereto (collectively, the "Confirmation Deadlines") were in compliance with the FRBP, were adequate and reasonable under the circumstances of this case, and no further or additional notice of the confirmation hearing or the confirmation deadlines was necessary or required.

D. **Objections to Confirmation**. There were no objections to confirmation.

E. **Proper Classification of Claims – 11 U.S.C. §§ 1122 and 1123**. The Plan adequately and properly identifies and classifies all claims. Pursuant to 11 U.S.C. § 1122(a), the claims placed in each class are substantially similar to other claims in each such class. Pursuant to 11 U.S.C. § 1123(a)(1), valid legal and business reasons exist for the various classes of claims created under the Plan and such classification does not unfairly discriminate among holders of claims. The classification of claims in the Plan is reasonable.

F. **Specified Unimpaired Classes – 11 U.S.C. § 1123(a)(2)**. The Plan specifies all classes or claims or interests that are not impaired under the plan.

G. **Specified Treatment of Impaired Classes – 11 U.S.C. § 1123(a)(3)**. The Plan specifies the treatment of all classes of claims or interests that are impaired under the Plan.

H. **No Discrimination – 11 U.S.C. § 1123(a)(4)**. The Plan provides for the same treatment of claims or interests in each respective class unless the holder of a particular claim or interest has agreed to a less favorable treatment of such claim or interest.

I. **Implementation of the Plan – 11 U.S.C. § 1123(a)(5)**. The Plan provides adequate means for the Plan's implementation.

171212757.2

J.       **Non-Voting Equity Securities/Allocation of Voting Power – 11 U.S.C. § 1123(a)(6)**.  This Plan does not intend to change the structure of its corporate governance to include different classes of shares or non-voting shares.

K.       **Interests of the Creditors, Equity Security Holders, & Public Policy – 11 U.S.C. § 1123(a)(7)**.  The Plan contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the Plan and any successor to such officer, director, or trustee.

L.       **Assumption & Rejection – 11 U.S.C. § 1123(b)(2)**.  Article 6 of the Plan pursuant to § 365 of the Bankruptcy Code, provides for the assumption and assignment of any executory contract or unexpired lease of the Debtors not previously rejected under such section.

M.      **Additional Plan Provisions – 11 U.S.C. § 1123(b)(6)**.  Each of the provisions of the Plan is appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

N.       **Principal Purpose of the Plan – 11 U.S.C. § 1129(d)**.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

O.       **Subchapter V Plan Requirements – 11 U.S.C. § 1189**.  The Plan complies with § 1189(b) because it was filed by the Debtors not later than 90 days after the order for relief under Chapter 11.

P.       **Contents of a Subchapter V Plan – 11 U.S.C. § 1190**.  In compliance with § 1190, the Plan includes: (1) a brief history of the business operations of the debtor, (2) a liquidation analysis, and (3) projections with respect to the ability of the Debtors to make payments under the proposed plan for reorganization.  No further disclosure is needed.

Q. **Satisfaction of Conditions – 11 U.S.C. § 1191(a)**. The Court finds that the Plan satisfies the relevant provisions of 11 U.S.C. § 1191(a) and 11 U.S.C. § 1129(a), other than §§ 129(a)(8) & (15), and the Plan does not discriminate unfairly, and is fair and equitable, with respect to Classes 1 through 5. With respect to the relevant provisions of § 1129(a), the Court finds and concludes as follows:

1. **11 U.S.C. § 1129(a)(1) and (a)(2)**. The Plan and the plan proponent comply with the applicable provisions of the Bankruptcy Code.

2. **11 U.S.C. § 1129(a)(3)**. The Plan was proposed in good faith and not by any means forbidden by law.

3. **11 U.S.C. § 1129(a)(4)**. Any payment made or to be made by the Debtors, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the Court as reasonable.

4. **11 U.S.C. § 1129(a)(5)**. The Plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the Debtors and the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders, and with public policy; and the Plan proponent has disclosed the identity of any insider that will be employed or retained by the Debtors, and the nature of any compensation for such insider.

5. **11 U.S.C. § 1129(a)(7)**. The Plan provides that, with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the plan, or will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the

171212757.2

amount that such holder would so receive or retain if the Debtors were liquidated under chapter 7 of this title on such date.

6. **11 U.S.C. § 1129(a)(8)**. With respect to each class of claims or interests, except for Classes 2 through 4, such class has accepted the Plan, or such class is not impaired under the Plan. Classes 2 through 4 did not vote either to accept or reject the Plan. As a result, the requirement of 11 U.S.C. § 1129(a)(8) is not met.

7. **11 U.S.C. § 1129(a)(9)**. Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that with respect to a claim of a kind specified in section 507(a)(2) or 507(a)(3) of this title, on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim.

8. **11 U.S.C. § 1129(a)(10)**. If a class of claims is impaired under the Plan, at least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the plan by any insider. Class 1, Libertas Funding, LLC is impaired and has voted for the Plan.

9. **11 U.S.C. § 1129(a)(11)**. Confirmation of the Plan is not likely to be followed by any further liquidation, other than as proposed in the Plan.

10. **11 U.S.C. § 1129(a)(16)**. All transfers of property under the Plan shall be made in accordance with any applicable provisions of non-bankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

5. With respect to Classes 2 through 4, the Court finds and concludes the Plan meets the requirements of 11 U.S.C. § 1129(b)(2)(A). As of the Effective Date of the Plan, the Plan

provides that the value of the property to be distributed under the Plan is not less than the projected disposable income of the Debtors in the 5-year period after the commencement of distributions under the Plan. As a result, the Plan may be confirmed under § 1191(b).

Accordingly, the Court **ORDERS**:

1. **Confirmation**. The plan is confirmed under 11 U.S.C. § 1191(b). No further disclosure is required.

2. **Binding Effect of Plan**. Pursuant 11 U.S.C. § 1141(a), except as provided in §§ 1141(d)(2) and (3), the provisions of the Plan as of the Effective Date bind the Debtors and any creditor, whether or not the claim or interest of such creditor is impaired under the plan and whether or not such creditor has accepted the Plan.

3. **Post-Confirmation Operation of Business or Completion of Liquidation Pursuant to the Plan**. Except as otherwise provided in the Plan or in this Confirmation Order, on and after the Effective Date, the Debtors may operate its business consistent with its liquidating Plan and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code and Bankruptcy Rules and in all respects as if there were no pending case under any chapter or provisions of the Bankruptcy Code. Except as set forth in the Plan concerning objections to claims, the Debtors may also settle or compromise any claims without Court approval.

4. **Effective Date**. Debtors will file and serve a notice of the effective date of the confirmed plan upon the occurrence of the Effective Date.

5. **Objections to Claims**. The Debtors do not contemplate needing to file any objection to claim or adversary proceeding with respect to any claim whether secured, priority or unsecured.

171212757.2

6. **Plan Payments**. Upon the Effective Date of the Plan, the Debtors shall commence making monthly payments to each class of creditors pursuant to the Plan, as modified by this Order.

7. **Distributions**. The Debtors shall make the payments required under the Plan.

8. **Subchapter V Trustee**. The Subchapter V Trustee shall be relieved of its duties on the Effective date and shall be paid in full on its allowed fees

9. **United States Trustee Guidelines**. The Debtors must comply with the guidelines set forth by the Office of the United States Trustee until the closing of this case by the issuance of a Final Decree by the Bankruptcy Court.

10. **Effect of Confirmation Order on Plan**. The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan. To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

11. **Executory Contracts and Leases**. Except as otherwise provided in a separate order of the Court, all executory contracts and unexpired leases not otherwise rejected are deemed assumed as of the Effective Date.

12. **Documents Required to Effectuate Plan**. The Debtors are authorized to execute any and all documents reasonably required to effectuate the provisions of the Plan or prior Orders of this Court.

13. **Jurisdiction**. The Bankruptcy Court retains jurisdiction to:

   a. Resolve issues with respect to the Debtors' substantial consummation of the Plan and to the extent the Debtors seeks to amend or modify the plan;

    b. Resolve any motions, adversary proceedings, or contested matters, that are pending as of the date of substantial consummation;

    c. Adjudicate objections to claims;

    d. Resolve disputes with respect to any and all injunctions, if any, created as a result of confirmation of the Plan;

    e. Adjudicate modifications of the plan under 11 U.S.C. § 1193;

    f. Review and consider issues associated with the Debtors' final report and entry of final decree, and to enter a final decree; and

    g. Enter such orders as the Court deems necessary or appropriate with respect to enforcement of the Plan.

  14. **Objections to Confirmation**. Objections to confirmation if not resolved herein are deemed overruled.

  15. **Final Fee Applications**. Any professional seeking an award of compensation for services rendered or reimbursement of expenses incurred through and including the Effective Date shall file supplements to their respective applications for allowance of compensation for services rendered and reimbursement of expenses within thirty (30) days from the date of this Order.

  16. The exculpation provision in Section 11 of the Plan is to the fullest extent permitted by the Fifth Circuit in *In re Highland Capital Mgmt., L.P.,* 48 F.4th 419, 437 (5th Cir. 2022).

# # # END OF ORDER # # #

<u>Submitted By:</u>
Fox Rothschild LLP
Trey A. Monsour
Tex. Bar No. 14277200
Saint Ann Court
2501 North Harwood Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 231-5796
*Counsel for Debtors*